| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER<br>11-1183 |
|---|---|---|
| **PLAINTIFF**<br><br>BELMONT UNIVERSITY | **DEFENDANT**<br>PENNSYLVANIA MANUFACTURERS' INDEMNITY COMPANY d/b/a PMA INSURANCE GROUP | |

| TO: (NAME AND ADDRESS OF DEFENDANT)<br>PENNSYLVANIA MANUFACTURERS' INDEMNITY COMPANY d/b/a PMA INSURANCE GROUP<br>d/b/a PMA MANGEMENT CORP.<br>C/O Corporation Service Company<br>2908 Poston Avenue<br>Nashville, TN 37203<br>List each defendant on a separate summons. | Method of Service:<br><br>■ Certified Mail<br>G Davidson Co. Sheriff<br>G *Comm. Of Insurance<br>G *Secretary of State<br>G *Out of County Sheriff<br>G Private Process Server<br>G Other<br>*Attach Required Fees |
|---|---|

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>John L. Farringer IV (No. 22783)<br>SHERRARD & ROE, PLC<br>150 3rd Avenue South, Suite 1100<br>Nashville, TN 37201<br>(615) 742-4200 | FILED, ISSUED & ATTESTED<br>AUG 2 6 2011<br><br>CRISTI SCOTT, Clerk and Master<br>By: 1 Public Square<br>Suite 308<br>Nashville, TN 37201<br><br>Deputy Clerk & Master |
|---|---|

### NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | **Sheriff** |

***Submit one original plus one copy for each defendant to be served.

ᏏADA Coordinator, Cristi Scott (862-5710)

I HEREBY CERTIFY THAT THIS IS A TRUE COPY OF ORIGINAL INSTRUMENT FILED IN MY OFFICE.
THIS _____ DAY OF _____ AUG 2 6 2011 20___
CRISTI SCOTT, CLERK & MASTER
BY _____ DEPUTY

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____      ☐ Not Found _____
☐ Not Served _____      ☐ Other _____

| DATE OF RETURN: | By: |
|---|---|
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____. On the _____ day of _____, 20___, I received the return receipt, which had been signed by _____ on the _____ day of _____, 20___. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____, 20___. Signature of ____ Notary Public or ____ Deputy Clerk | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|
| My Commission Expires: | |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):
Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

Mail list to:  Clerk & Master
1 Public Square
Suite 308
Nashville TN 37201

Please state file number on list.

## CERTIFICATION (IF APPLICABLE)

| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | CRISTI SCOTT, Clerk & Master<br>By:<br><br>D.C. & M. |
|---|---|

| | |
|---|---|
| BELMONT UNIVERSITY,<br><br>    Plaintiff,<br><br>v.<br><br>PENNSYLVANIA MANUFACTURERS' INDEMNITY COMPANY d/b/a PMA INSURANCE GROUP,<br><br>    Defendant. | Case No. 11-1183-T<br><br>Jury Demand<br><br>FILED 2011 AUG 26 PM 4:34<br>CLERK AND MASTER<br>DAVIDSON CO. CHANCERY CT.<br>DC&M |

## COMPLAINT

Plaintiff Belmont University ("Belmont") for its Complaint against Defendant Pennsylvania Manufacturers' Indemnity Company d/b/a PMA Insurance Group ("PMA") states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Belmont University is a private university located at 1900 Belmont Boulevard, Nashville, Tennessee, 37212. Belmont is a Tennessee non-profit corporation.

2. Defendant Pennsylvania Manufacturers' Indemnity Company is a Pennsylvania corporation with a principal place of business at 380 Sentry Parkway, Blue Bell, Pennsylvania, 19422-754. Pennsylvania Manufacturers' Indemnity Company does business in Tennessee and operates under the trade name PMA Insurance Group. Upon information and belief, PMA is registered to do business in Tennessee under the trade name PMA Management Corp. and may be served by its registered agent Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee, 37203.

3. Non-party MDM Covenant Insurance, LLC ("MDM") is a Tennessee limited liability company with a principal place of business at 5217 Maryland Way, Suite 222, Brentwood, Tennessee, 37027. MDM was the insurance broker for the Policy.

4. Jurisdiction and venue are proper in this Court. PMA issued and/or administered insurance policies in Davidson County, Tennessee and the claim at issue is based on damage that arose in Davidson County, PMA's denial of coverage for such damage, and PMA's treatment of Belmont in Davidson County.

## FACTS

5. Beginning in or about February 2010, Belmont purchased insurance coverage from PMA including general liability coverage, inland marine coverage, commercial output coverage, and boiler and machinery coverage. The terms of the coverages are set forth by the PMA policy (the "Policy") provided to Belmont.

6. On the first days of May 2010, the City of Nashville suffered an historic flood after over thirteen (13) inches of rain was recorded over a two-day period.

7. Given its geographic location, Belmont was fortunate not to sit in a flood plain.

8. Belmont, however, suffered total damages of approximately $300,000 as a result of the water and related damages in May 2010, including water intrusion and mechanical failures in twenty (20) different buildings. The damage occurred during the term of the Policy.

9. Belmont filed a claim (Claim No. L0000-03724) with PMA on May 5, 2010.

10. PMA's independent adjuster and PMA summarized the damage to Belmont as including the following:

   a. Maple Hall: Water damage to the mechanical and electrical room due to sump pump failure and back-up through the drains.

b. Troutt Theater: Entrance and office space damage due to surface and ground water.

c. Belmont Heights Baptist Church Fellowship Hall: Hallways and guitar room damage due to surface and groundwater and intrusion from the foundation wall.

d. Kennedy Hall: Electrical mechanical room water damage due to sump pump failure.

e. Hail Hall: Basement storage water damage due to surface and ground water and intrusion from the foundation wall.

f. Heron Hall: Basement office space water damage due to ground water on the foundation wall.

g. Humanities Building Mechanical Room: Damage to contents from water intrusion from surface water through the door thresholds.

h. Lil Bunch Library: Damage to hardwood flooring from water intrusion from the foundation wall.

i. University Cafeteria: Water damage to ceiling from intrusion from property's rubber membrane.

j. Wright Hall: Damage from water intrusion through third level emergency exist door threshold.

k. Bruin Hills Club House: Damage from water intrusion through door thresholds and foundation wall below grading.

l. 2705 Hillside: Water damage to carpet from water intrusion through door thresholds.

m. 2241 Hillside: Water damage to carpet and vinyl floor covering from water intrusion through 3-tab asphalt shingled roof covering.

n. 1545 Commons: Damage to ceiling from water intrusion through 3-tab asphalt shingled roof covering.

o. Jack C. Massey Business Center: Damage to tile from water intrusion through the door thresholds.

11. In addition to the general coverage set forth in the Policy, the Policy contains a specific coverage extension for back-up of sewers and drains, an endorsement for earth

movement and water damage, a coverage extension for computers and consequential loss, an endorsement for equipment breakdown, and coverage for musical instruments and fine arts items.

12. MDM has taken the position that the Policy provides coverage to Belmont and has informed PMA of its position.

13. In particular, MDM has identified in correspondence with PMA at least twelve (12) coverage extensions and supplemental coverages that are applicable:

   a. Boiler and Machinery (including from sump pump failure)

   b. Back-up of Sewers and Drains

   c. Change in Temperature/Humidity

   d. Computer Coverage

   e. Consequential Loss

   f. Debris Removal

   g. Personal Effects

   h. Pollutant Clean-Up and Removal

   i. Trees, Shrubs and Plants

   j. Valuable Papers and Records

   k. Fungus/Wet Rot

   l. Musical Instruments and Fine Arts Policies

14. In a letter dated June 16, 2010, PMA agreed that there was coverage for damages resulting from sump pump failure under the Policy, with a limit of $10,000, which is also the deductible under the Policy.

15. In the June 16, 2010 letter, however, PMA took the position that all other damage resulted from surface and groundwater intrusion and that such damage was excluded under "Form #PIM 00 70 06 96."

16. Form #PIM 00 70 06 96 was not included in the Policy provided to Belmont by PMA and does not appear on the Endorsement Schedule for the Policy.

17. In a letter dated August 16, 2010, Belmont informed PMA of its reliance on a form and exclusion that is not contained in the Policy.

18. Despite being notified of its erroneous reliance on an endorsement and form not contained in the Policy, by letter dated August 26, 2010, PMA informed Belmont of its final decision to deny coverage for the May 2010 damages except for damages resulted from the sump pump failure.

19. After MDM again informed PMA of its position that there was coverage, PMA informed MDM that it continued to rely on "Form #PIM 00 70 06 96" to deny coverage even though PMA acknowledged that such form was not included in the Policy or even listed on the Endorsement Schedule of the Policy because of PMA's "human error."

20. Based on the positions of PMA and MDM, Belmont sought to engage an independent mediator through the Insurors of Tennessee to resolve the dispute, but PMA refused to consider mediation or further discuss the issue in any manner.

21. Accordingly, Belmont was forced to file this lawsuit to resolve this insurance coverage dispute.

### COUNT I
### Breach of Contract

22. Belmont incorporates all allegations contained in this Complaint as though such allegations were fully set forth herein.

23. Pursuant to the terms of coverage in the Policy, PMA is required to pay for the damage to Belmont arising in May 2010.

24. PMA has refused to pay claims in breach of their contractual obligations to Belmont.

25. PMA, through their handling of the claims, have also breached the covenant of good faith and fair dealing.

26. These breaches of the Policy were and are the direct and proximate cause of damage to Plaintiff in an amount to be proven at trial.

27. Plaintiff is entitled to prejudgment interest pursuant to Tenn. Code Ann. § 47-14-103 or otherwise.

## COUNT II
### Additional Liability for Bad-Faith Failure to Pay Promptly, Tenn. Code. Ann. § 56-7-105

28. Belmont incorporates all allegations contained in this Complaint as though such allegations were fully set forth herein.

29. The claims arising from Belmont's damage in May 2010 are due and payable under the terms of the Policy.

30. More than sixty (60) days prior to the filing of this action, notice was provided to PMA that failure to pay the claims was based on a form not contained in the Policy nor listed in the Endorsement Schedule and, therefore, would not be in good faith.

31. PMA's actions, including their continued refusal to pay the claims or to respond to Belmont's efforts to resolve this dispute, have not been in good faith and their failure to pay has inflicted additional expense, loss, and/or injury, including attorneys' fees, upon Belmont.

32. Pursuant to Tenn. Code Ann. §56-7-105, Belmont is entitled to the loss claimed, interest thereon, and a sum not exceeding twenty-five percent (25%) on the liability for the loss, to cover additional expense, loss, or injury, including attorneys' fees, in an amount to be proven at trial.

## COUNT III
## Violation of Tennessee Consumer Protection Act

33. Belmont incorporates all allegations contained in this Complaint as though such allegations were fully set forth herein.

34. The Tennessee Consumer Protection Act ("TCPA"), Tenn. Code. Ann. §§47-18-101, *et seq.*, prohibits "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce," including "engaging in any act or practice which is deceptive to the consumer or any other person."

35. PMA represented to Belmont that the claims were being denied based on a form that is not contained in the Policy nor listed on the Endorsement Schedule, and refused to alter their position after this mistake was explained by both Belmont and MDM. This misrepresentation constitutes an unfair or deceptive act or practice in violation of the TCPA, entitling Belmont to actual damages plus reasonable attorneys' fees and costs.

36. The representations, omissions, and other conduct of PMA in handling and dealing with the claims, including PMA's bad faith refusal to pay and misrepresentations of fact, constitute unfair or deceptive acts or practices in violation of the TCPA, entitling Belmont to actual damages plus reasonable attorneys' fees and costs.

37. PMA's unfair or deceptive acts or practices in violation of the TCPA affected trade and commerce as defined by the TCPA.

38. PMA's conduct in handling the claims, including their continued reliance on a form not contained in the Policy, constitute violations of the Unfair Claims Settlement Act.

39. As a direct result of PMA's unfair or deceptive acts or practices in violation of the TCPA, Belmont suffered an ascertainable loss of money or property.

40. PMA's unfair and deceptive acts or practices in violation of the TCPA were willful and knowing, entitling Belmont to treble damages.

## JURY DEMAND

Belmont requests a trial by jury of any issues triable of right by a jury.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Belmont respectfully requests and prays:

1. That proper process issue and be served on PMA;

2. That the Court award damages in an amount to be proven at trial for failure to pay the claims, plus interest thereon, and a sum not exceeding twenty-five percent (25%) on the liability for the loss, to cover additional expense, loss, or injury, including attorneys' fees, in an amount to be proven at trial;

3. That the Court treble Belmont's damages;

4. That the Court award Belmont its attorneys' fees and costs in this action;

5. That the Court award Belmont punitive damages for PMA's wanton, willful, and malicious conduct;

6. That the Court award Belmont prejudgment interest; and

7.       That the Court award Belmont such other, further, and general relief which the Court deems proper or appropriate.

Respectfully submitted,

*[signature]*

John L. Farringer IV (No. 22783)
SHERRARD & ROE, PLC
150 3rd Avenue South, Suite 1100
Nashville, TN 37201
(615) 742-4200

*Attorneys for Belmont University*

CERTIFIED MAIL


7010 2780 0001 9391 5340


016H16507370
$06.23⁰
Hasler  08/29/2011
Mailed From 37219
US POSTAGE

SHERRARD & ROE, PLC
ATTORNEYS AT LAW
150 3rd Avenue South, Suite 1100
NASHVILLE, TENNESSEE 37201

Pennsylvania Manufacturers' Indemnity
Company d/b/a PMA Insurance Group
d/b/a PMA Management Corp.
c/o Corporation Service Company
2908 Poston Avenue
Nashville, Tennessee 37203